1  Jeffrey G. Sheldon (SBN 67516)
   jsheldon@cislo.com
2  Katherine M. Bond (SBN 263020)
3  kbond@cislo.com
   CISLO & THOMAS LLP
4  12100 Wilshire Blvd., Ste. 1700
5  Los Angeles, California 90025
   Telephone: (310) 979-9190
6
7  Attorneys for Plaintiff
   Lucky Boy Hamburgers, Inc.
8

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCKY BOY HAMBURGERS, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>POSTMATES INC., a Delaware corporation,<br><br>　　　　Defendant. | Case No. 2:21-cv-01706<br>**COMPLAINT**<br>1. TRADEMARK INFRINGEMENT;<br>2. FALSE DESIGNATION OF ORIGIN;<br>3. TRADEMARK INFRINGEMENT STATE LAW;<br>4. COMMON LAW TRADEMARK INFRINGEMENT;<br>5. STATUTORY UNFAIR COMPETITION;<br>6. COMMON LAW UNFAIR COMPETITION;<br>7. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND<br>8. NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE<br><br>**REQUEST FOR JURY TRIAL** |

COMPLAINT

Plaintiff Lucky Boy, Inc., through its attorneys Cislo & Thomas LLP, alleges as follows:

## THE PARTIES

1. Plaintiff Lucky Boy Hamburgers, Inc. ("Plaintiff" or "Lucky Boy") is a California corporation having a principal place of business located at 830 N. Gainsborough Drive, Pasadena, California, 91107 and is the owner of Lucky Boy, a restaurant in Pasadena.

2. Upon information and belief, Defendant Postmates Inc., is a corporation organized under the laws of Delaware with a principal place of business at 201 3rd Street, Suite 200 San Francisco, California, 94107. Postmates is an on-demand food delivery platform.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Plaintiff's claims are, in part, based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051, et seq. The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b), and 1367.

4. This Court has personal jurisdiction over Defendant, and for similar reasons, venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b). Plaintiff is informed and believes that Defendant operates its food delivery business throughout the Central District of California, including throughout Los Angeles County and Orange County. Further, upon information and belief, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## LUCKY BOY HAMBURGERS

5. Lucky Boy is a family-owned corporation that has been in business since 1960. Lucky Boy was founded by two brothers from Greece who started over in the San Gabriel Valley after Europe was decimated from war. With its third generation

of family leadership currently at the helm, the company has succeeded in the exceedingly competitive restaurant industry.

6. There are two Lucky Boy locations in Pasadena. The walk-up diner located off of Arroyo Parkway is owned by Plaintiff while the Walnut Street location is licensed to family members.

7. The Los Angeles Times rated Lucky Boy as a Top 100 Los Angeles restaurant and Zagat calls the walk-up diner, "…pretty damn good."

8. Lucky Boy is famous for their ultimate breakfast burrito- a fan favorite with both customers and critics drawing hundreds of fans daily from across Los Angeles County. In addition to breakfast burritos the restaurants also offer vegetarian dishes, specialty sandwiches, salads and burgers.

9. Plaintiff Lucky Boy is the owner of U.S. Trademark Registration Nos. 5,406,126 and 5,673,259 for Lucky Boy for use in connection with restaurant services with a first use in commerce date of May 30, 1960. The company also owns California Trademark Registration No. 18088 issued on November 16, 1983 for Lucky Boy. The Lucky Boy trademarks are collectively referred to as the "Lucky Boy Mark". Attached as Exhibit "1" are true and correct copies of Plaintiff's federal trademark registrations.

10. Plaintiff Lucky Boy's registrations are valid, subsisting and in full force and effect evidencing the validity of the Lucky Boy Mark and Plaintiff's exclusive right to use the mark in connection with the services identified in the registrations.

11. The presence of the Lucky Boy Mark for use with Plaintiff's services indicates to the public that the services provided under the Lucky Boy Mark originate with, or are provided by, Lucky Boy. Plaintiff adheres to strict quality standards in the preparation and service of its food and beverages including all requirements of the California Retail Food Code. Thus, the consuming public has come to associate the Lucky Boy Mark with food and restaurant services of the highest quality.

12. As a consequence of all of the foregoing, the Lucky Boy Mark has

attained considerable value and the goodwill associated with it represents a valuable business asset.

## POSTMATES INFRINGEMENT

13. Defendant Postmates is a third-party courier service similar to DoorDash, Uber Eats or GrubHub that have become popular in recent years due to the Covid pandemic. Consumers use an online platform, usually an app, to order food, a driver picks up the order at the location, and delivers the food to the consumer.

14. On information and belief, Postmates generates revenue by charging delivery service fees to both the consumer and the eating establishment. For example, a restaurant has to pay a commission on the food that it sells and the consumer pays a percentage of the sales price.

15. Not all restaurants want to be associated or affiliated with third party food delivery services.

16. The delivery service fees are high. Upon information and belief, Defendant Postmates charges restaurants approximately thirty (30) percent of each food order which causes some restaurants to actually lose money. Also Postmates only pays monthly. The high rates and slow pay are unacceptable. This is especially true in a pandemic when restaurants have faced unprecedented challenges in trying to remain open and pay overhead.

17. Further, upon information and belief, Defendant does not comply with Food Code requirements and its drivers do not possess the appropriate licenses and permits required to safely handle food on behalf of consumers. There have been numerous articles in the press about delivery service apps providing poor service and the improper handling of food, and even drivers who eat the food.

18. Lucky Boy does not want to be affiliated or associated with Defendant. However, Postmates runs its business to penalize Lucky Boy for not signing up by intentionally diverting business form Lucky Boy.

19. Despite Defendant not having authorization to use the Lucky Boy Mark it continues to use LUCKY BOY in its online platforms.



20. If one searches for "Lucky Boy" using Defendant Postmates' mobile app, the restaurant sometimes appears as "closed".



This is not true. The dining establishments were not closed at the time this image was taken. This diverts consumers to other restaurants because they falsely believe Lucky Boy is closed.

21. Defendant Postmates has a "menu" posted for Lucky Boy but it has incorrect information including lower prices. This causes issues for Lucky Boy when its customers come to order and the prices are not the same.

22. Because Lucky Boy is not an option for Postmates delivery, Defendant

- 4 -

COMPLAINT

offers alternatives with similar food when Lucky Boy is searched for, and this too diverts business away from Lucky Boy.

23. Plaintiff has repeatedly contacted Defendant Postmates requesting the all references to Lucky Boy be removed from all online resources. Attached as Exhibit "2" are some of the correspondence Lucky Boy has had with Postmates.

24. Postmates never complied with Plaintiff's requests.

25. On or about February 16, 2021, Lucky Boy through counsel sent a letter to Defendant Postmates' CEO via email and FedEx (with confirmation the letter was delivered) requesting removal of all references to Lucky Boy and to immediately cease and desist from using Plaintiff's trademarks on its website, mobile application, and advertisements. Attached as Exhibit "3" is a true and correct copy of the letter sent to Postmates.

26. To date, no response has been received and no changes have been made regarding references to Lucky Boy through Postmates.

27. On information and belief, Postmates is using unfair business practices in an attempt to "coerce" Lucky Boy to become one of its restaurants. Postmates' actions are fraudulent, oppressive, and malicious.

28. By reason of Defendant's acts, as alleged herein, Lucky Boy has suffered damages, including attorney fees, incurred due to Postmates conduct.

## FIRST CLAIM FOR RELIEF

### (For Trademark Infringement – 15 U.S.C. § 1114(1))

29. Lucky Boy repeats and re-alleges paragraphs 1 through 28, as though fully set forth in this paragraph.

30. The Lucky Boy Mark is owned by Lucky Boy and Lucky Boy has continuously used the Lucky Boy Mark in commerce since at least as early as 1960. Lucky Boy has never authorized or consented to Defendant's use of any mark which is the same as, is confusingly similar to, or constitutes a colorable imitation of the Lucky Boy Mark in commerce in connection with its products or services.

31. Defendant's actions, as alleged above, are likely to cause confusion, mistake or deception in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

32. Defendant's acts have been undertaken to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with the Lucky Boy Mark.

## SECOND CLAIM FOR RELIEF

### (For False Designation of Origin – 15 U.S.C. §1125(a))

33. Lucky Boy repeats and re-alleges paragraphs 1 through 28, 30 through 32 as though fully set forth in this paragraph.

34. The Lucky Boy Mark is owned by Lucky Boy and Lucky Boy has continuously used it in commerce for many years since at least as early as 1960. Lucky Boy has not authorized or consented to Defendant's use of the Lucky Boy Mark or of any similar marks or names in connection with its products or services.

35. Defendant's actions, as alleged above, are likely to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendant with, or as to the origin, sponsorship or approval of Defendant's products or services by Lucky Boy in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendant's acts have caused and will continue to cause irreparable and immediate injury to Lucky Boy for which Lucky Boy has no adequate remedy at law. Unless Defendant is restrained by this Court from continuing its unauthorized use of the Lucky Boy Mark, these injuries will continue to occur.

## THIRD CLAIM FOR RELIEF

### (For Infringement Under California State Law)

37. Lucky Boy repeats and re-alleges paragraphs 1 through 28, 30 through 32, 34 through 36, as though fully set forth in this paragraph.

38. On information and belief, the Defendant's actions, as described above, constitute conduct that is so careless as to indicate a wanton disregard for the

intellectual property rights of Lucky Boy. Further, the Defendant's acts, as alleged above, constitute trademark infringement in that they have been undertaken with a conscious disregard of Lucky Boy's intellectual property rights and with a desire to injure Lucky Boy's business and to improve its own.

### **FOURTH CLAIM FOR RELIEF**

### **(For Common Law Trademark Infringement)**

39. Lucky Boy repeats and re-alleges paragraphs 1 through 28, 30 through 32, 34 through 36, and 38 as though fully set forth in this paragraph.

40. On information and belief, the Defendant's actions, as described above, constitute conduct that is so careless as to indicate a wanton disregard for the intellectual property rights of Lucky Boy. Further, the Defendant's acts, as alleged above, constitute trademark infringement in that they have been undertaken with a conscious disregard of Lucky Boy's intellectual property rights and with a desire to injure Lucky Boy's business and to improve its own.

### **FIFTH CLAIM FOR RELIEF**

### **(Against All Defendants for Unfair Competition,**

### **Cal. Bus. & Prof. Code § 17200)**

41. Lucky Boy repeats and re-alleges paragraphs 1 through 28, 30 through 32, 34 through 36, 38 and 40 as though fully set forth in this paragraph.

42. The above-described acts of Defendant constitute unfair competition within the meaning of California Business and Professions Code Section 17200. Such acts have caused and will continue to cause irreparable and immediate injury to Lucky Boy for which Lucky Boy has no adequate remedy at law. Unless Defendant is restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

///
///
///

## SIXTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

43. Lucky Boy repeats and re-alleges paragraphs 1 through 28, 30 through 32, 34 through 36, 38, 40 and 42 as though fully set forth in this paragraph.

44. The above-described acts of Defendant constitutes common law unfair competition in that Defendant is attempting to pass off its goods and services as those of Lucky Boy. Such acts have caused and will continue to cause irreparable and immediate injury to Lucky Boy for which Lucky Boy has no adequate remedy at law. Unless Defendant is restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

## SEVENTH CLAIM FOR RELIEF

### (Intentional Interference with Prospective Economic Advantage)

45. Lucky Boy repeats and re-alleges paragraphs 1 through 28, 30 through 32, 34 through 36, 38, 40, 42 and 44 as though fully set forth in this paragraph.

46. Defendant is liable to Lucky Boy for its interference with prospective economic advantage. Interference with prospective economic advantage requires:

> 1.) An economic relationship between plaintiff and some third party, with the probability for future economic benefit to the plaintiff;
> 2.) The defendant's knowledge of the relationship;
> 3.) Intentional acts on the part of defendant designed to disrupt the relationship;
> 4) Actual disruption of the relationship; and
> 5) Economic harm to the plaintiff proximately caused by the acts of the defendant.

(Korea Supply v. Lockheed Martin Corp., 29 Cal.4th 1134, 1153 (2003).

47. Interference with prospective economic advantage also requires a plaintiff to allege an act that is wrongfully independent of the interference itself.

48. Here, an economic relationship exists between Lucky Boy and its

customers, with the probability of future economic benefit to Plaintiff Lucky Boy. Defendant Postmates is aware of these relationships between Plaintiff and its customers, but has nonetheless intentionally disrupted Plaintiff's relationship with its customers.

49. By Defendants' conduct, Defendant has actually disrupted Plaintiff's relationship with its customers including, but not limited to, customers not purchasing from the restaurant believing it was closed.

50. Defendant false postings have resulted in a loss of business for Plaintiff causing Plaintiff to suffer damages as a result of Defendant's conduct, including lost sales.

51. Defendant's conduct continued even after being asked numerous times to correct such false information.

52. Defendant's actions, as alleged herein, were intentional, willful, malicious, oppressive and fraudulent, with wanton disregard for the rights of Plaintiff, and were engaged in for the purpose of benefiting Defendant and injuring Plaintiff, so as to justify the awarding of exemplary and punitive damages in an amount subject to proof at trial.

## EIGHTH CLAIM FOR RELIEF

**(Intentional Interference with Prospective Economic Advantage)**

53. Lucky Boy repeats and re-alleges paragraphs 1 through 28, 30 through 32, 34 through 36, 38, 40, 42, 44 and 46-52 as though fully set forth in this paragraph.

54. Lucky Boy and its customers were in an economic relationship that probably would have resulted in a future economic benefit to Plaintiff Lucky Boy.

55. Defendant Postmates knew or should have known of this restaurant-customer relationship.

56. Defendant Postmates knew or should have known that this relationship would be disrupted if Postmates failed to act with reasonable care.

57. Defendant Postmates failed to act with reasonable care even after being contacted numerous times to correct the false information.

58. By Defendants' conduct, Defendant has actually disrupted Plaintiff's relationship with its customers including, but not limited to, customers not purchasing from the restaurant believing it was closed.

50. Defendant false postings and misinformation have resulted in a loss of business for Plaintiff therefore causing Plaintiff to suffer damages as a result of Defendant's conduct, including lost sales.

51. Defendant's conduct continued even after being asked numerous times to correct such false information.

52. Defendant's actions, as alleged herein, were negligent with disregard for Plaintiff's rights, and were engaged in for the purpose of benefiting Defendant and injuring Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Lucky Boy prays for relief as follows:

1. For an order permanently enjoining Defendant and Defendant's officers, agents, employees and representatives, and all those acting in concert or conspiracy with it from:

   a. Using any mark or designation that makes use of the term LUCKY BOY or any permutation of that term, whether alone or in combination with other words, characters or symbols in connection with the sale, offer for sale, promotion or advertising of any products and/or services;

   b. Instructing or directing any third parties to prepare print advertising, flyers, including digital content bearing the term LUCKY BOY or any permutation of that term, whether alone or in combination with other words, characters or symbols for use in connection with the sale, offer for sale, promotion or advertising of any products and/or

services;

      c.    Imitating, copying, making unauthorized use of, or otherwise infringing, Plaintiff's rights in and to the Lucky Boy Mark;

2. For a monetary award in favor of Lucky Boy in an amount equal to (i) Lucky Boy's actual damages and (ii) to the extent not included in actual damages, the Defendant's profits arising from the acts alleged above, such damages and profits to be trebled under 15 U.S.C. § 1117(a);

3. For a finding that this is an exceptional case within the meaning of, and for an award of attorneys' fees pursuant to, 15 U.S.C. § 1117(a);

4. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

5. For an award of costs under 15 U.S.C. § 1117(a), or as otherwise provided by law;

6. For exemplary and punitive damages; and

7. For such other and further relief as the court deems

Respectfully submitted,

CISLO &THOMAS LLP

DATED: February 24, 2021    By: /s/Jeffrey G. Sheldon
                                        Jeffrey G. Sheldon

                                        Attorneys for Plaintiff,
                                        LUCKY BOY, INC.

**REQUEST FOR JURY TRIAL**

Lucky Boy requests a trial by jury on all issues so triable.

Respectfully submitted,

CISLO &THOMAS LLP

DATED: February 24, 2021     By: /s/Jeffrey G. Sheldon
                                 Jeffrey G. Sheldon

                                 Attorneys for Plaintiff,
                                 LUCKY BOY, INC.